Case number 19-1726. Theodore McClain v. Dalen Hanna et al. Arguments not to exceed 15 minutes per side. Mr. Warner, you may proceed for the appellant. Chief Judge Gold, and may it please the Court, I'll be speaking for ten minutes and reserving five for rebuttal. Plaintiff's appeal sets forth two legal issues that will reoccur within the context of class action litigation. That is, defendants attempting to buy off a class by utilizing Rule 68 offers of judgment, particularly early in the case, to minimize its liability. First, whether the picking off exception to mootness under Wilson can be applied to a case in which a Rule 68 offer of judgment occurs is one issue that the Court is being asked to decide. The second issue is whether, as an extension of the Supreme Court's holding in Roper, can the extension to mootness exist for the named plaintiff to be able to shift the taxation of the plaintiff's court-ordered attorney fees on her individual award to the members of a certified class, thereby leaving the plaintiff only to be taxed on her individual award, leaving the attorney to be taxed on their set amount of attorney fees. Can I ask you some preliminary questions? Yes, sir. So, the way I understand the procedure below, and I've looked at the judgments, you got an initial judgment, you moved to correct the judgment, and the district court gave you a judgment on all counts in your favor, correct? As to the named plaintiff only, correct. As to the named plaintiff, correct. Why isn't the Supreme Court rule that the prevailing party can't appeal apply here? You're prevailing on all counts. There's no mootness in the judgment. And we only review judgments. And so when we review the judgment, nothing is moot. You were the prevailing party. And so you can't appeal. Your Honor, respectfully, we can appeal the class certification motion. It would be the same if a plaintiff had prevailed at trial on the merits, had a class certification denied, judgment is entered for the plaintiff. That isn't in the judgment. Okay, so the only thing we have authority to review is the judgment. The judgment says you got judgment on all counts. That's what we review. The Supreme Court said time and again we review judgments, not opinions. The judgment is on all counts. How do we have the authority to review it? How do we deal with all that Supreme Court authority? Maybe that's the way to say it. Your Honor, my understanding, as raised in the brief, is that when there's a denial for class certification, which was also included within the opinion, which was an opinion and order. But not a judgment. But not a judgment. The judgment would only apply to the individual plaintiff's claims. It had nothing to do with the class certification. Well, let's read it because actually it says on all counts in the plaintiff's complaint. All individual, all counts in the plaintiff's. It doesn't say that. Right. That is the complaint. Before the judgment was entered, we amended also to file in a representative capacity because we were allowed to alter the amended complaint within the court rules because it was filed within 21 days. The amended judgment deals with the amended complaint. It has to. There are some, several quirks that are. Okay. If you don't buy into the Supreme Court, how about every circuit in the country has said that where it's a judgment on all counts in your favor, you cannot appeal. Then we, all counts in our favor, the prayer of relief also included a request for class certification. And if that. But that doesn't. Okay. I mean, that is, I see that as problematic. I see that as problematic. This is the first time that it's being raised, Your Honor, and so I'm trying to address it here in oral arguments. Because if, here we have the situation where this is going to reoccur. And we're going to now go on to the fact that the reading of. Hold on. I'm sorry to interrupt you, but it won't occur if the judgment doesn't say that. In fact, look at your, if you have the first judgment, the one you moved to change. It is further ordered that the plaintiff's class action claims are dismissed without prejudice as moot. Well, you could, yeah, that was the judgment in place. I guess we're talking about a different case. You see what I'm saying? I do, Your Honor. And so it won't always occur if the judgment's the way it was, not the way it ended up. In fact, it seems that there was no, you didn't ask the district court to grant judgment on the counts you wish to have and reserve judgment on the class claims to come. Well, Your Honor, you can't because Rule 68 offers a judgment are contractual. And, in fact, the amended one is because it tracks exactly the defendant's language within the offer, which was attached to the acceptance. In other words, your offer of judgment didn't have any reservation with respect to class claims. It didn't reserve the class claims, but also it didn't expressly exclude them either. We turned the offer of judgment down, and as our court and the Supreme Court have said, sometimes offers of judgment make for tough decisions, but tough decisions are a part of litigation. You're right, Your Honor. We're talking about a vulnerable population of financially distressed consumers here that have this albatross hanging over their head throughout the litigation. Now, Wilson does apply the mooting, the exception to mootness, where the individual who even voluntarily accepts their case, their individual case, can still pursue the claims of the class individual. How do you deal with Petrie and Montgomery on that? Well, Your Honor, on Petrie, in fact, your dicta within the case does say that there is the possibility that there is an exception to mootness where it comes in early. Here it's seven days after the case was filed. And our position is that the district court erred in looking at Wasn't the class motion for class certification filed at that point? The class certification motion had been filed. There was not after the seven days. The offer was made on the seventh day. There was four days in which to communicate with the plaintiff to get what the plaintiff wanted to decide, and then to file the class certification motion, albeit it was missing numerosity, but plausibly set forth numerosity, and then accepted the offer of judgment and then amended the complaint to proceed in a representative fashion to make clear to the district court judge the plaintiff had already relinquished their individual claims. And that's why when it says all claims, our interpretation, which Rule 68 offers a judgment, are interpretive. Our reasonable interpretation of that is that it was just his individual claims he was releasing, not any claims related to the class members. So the motion for class certification is filed, and then what, five minutes later, the offer of judgment is accepted? Like just four days, Your Honor. I'm sorry, four days. Four days later, after the motion for class certification was filed? So seven days the complaint was filed, and that was simultaneous or seven days. I'm sorry. This case. This case.  Four days after that, there's conversations between plaintiffs and his counsel. Plaintiff approves the filing of a class motion, accepts the Rule 68 offer of judgment, and then amends the complaint to show that it's in representative capacity. These issues are very important. They will continue to occur, and there needs to be guidance from the court. This is also, if, Judge Lepar, if you're correct, that the judgment dooms us in this case, which we believe is contractual and we only release the plaintiff's individual claims. This still could evade. I'm sorry to interrupt you, but how can a judgment be contractual? A judgment's a judgment. It's a judgment of a court. It's not a contract. The judgment in Rule 68 offer of judgment copies verbatim what the defendant set forth. But you moved to amend, right? Because it was incorrect the first time. The first time it would have been a different case. Why you moved to amend, the other side. Correct, because actually it was incorrect in the first place. It needed to track the exact language. But still under the issue of contractual obligations, in framing it, we reasonably believe that we were just giving up the plaintiff's individual claims. Had they said that it also included the class claims, then there's no reason to accept the offer of judgment at all, because then there's not this albatross issue of any of the penalties. If those are included, the plaintiff, of course, will proceed on a class action to have it certified. You mentioned in the judgment about class anything. Correct. It doesn't say reserve class. It doesn't say understand there is a class. No mooting of the class. All the features that you kind of want to hang your hat on are absent, aren't they? They are. In Rule 68, offer of judgment, just like any contract, is drafted against the draftsman, which has to be the defendant who actually makes the offer. If it's absent one way or the other, the reasonable interpretation of this is we were just releasing plaintiff's individual claims. I realize that that's the hope and the expectation, but the words aren't there in the judgment. Any words about the class? Well, if that is how this Court is going to decide this case, that it comes down to the judgment, in this case what the exact language is, then that also is guidance, because then it allows the plaintiff's bar to know that the defendants are not including any release, any class issues or the ability to pursue them, which is very important. Then the plaintiff doesn't have to accept it, because they are not going to face those albatross penalties throughout the litigation. I think I will save the rest of my time for rebuttal. Yeah, and I just have one. Maybe there's an obvious answer here. In accepting the offer of judgment after the motion for class certification was filed, I assume that that probably was trying to deal with some of our case precedent, Brunette and Carroll. But should we really place significance here on the timing that the offer was accepted after the motion was filed? Does that make a difference? No. In terms of the picking off exception? No, in fact, Your Honor, the case law in Wilson and other district courts and also in Delta Airlines, they look at the timing issue, and I think that's where the district court made the judgment error here, that it really looked at what the defendant said in the emails instead of looking at the timing issue. And I think the timing issue is all there. It doesn't seem to be that after Wilson and other case law that is developed, that there really even needs to be a class certification motion. We just did it as a protective procedural matter, and if there's no further questions, I'll reserve it. You'll have your full five minutes for rebuttal. All right, thank you. Good morning, Your Honors. May it please the Court, Dale and Hannah on behalf of the appellee. I'm also serving in pro per here, and forgive me for my anxiety. This is my first appearance before the Court of Appeals. Very natural situation, so please proceed. Thank you, Your Honor. I'll state quite simply our position is that this is not a class action. It was not a class action. The motion for class certification wasn't even filed when we rendered my offer for a Rule 68 offer of judgment. In accepting the offer of judgment, that's when the motion for class certification came in, and then plaintiff moved the court for an extension of time to do extensive discovery. So it's quite telling from those filings that they never had a case for class. There is no class. The elements haven't been met. I won't get into the trial communications between myself and opposing counsel, but there is no class in this case. And even if there was, they've accepted an offer of judgment, which moots the plaintiff. The named plaintiff cannot proceed under a Rule 23 class action because he no longer has commonality. His cause of action has been settled and resolved, and he accepted our offer of judgment, which, again, to put things in perspective, was over $2,000 in this case on a $68 demand letter. The plaintiff has been made whole many times over. Now, whether or not he has standing to proceed as a class on the basis that he's going to have to pay taxes on attorney fees is really a meritless claim in this case because that was not pled in neither the first complaint and in the second complaint. That's just something they came up with as a tactic to proceed with this as a class action. I'm going to defer to everything that's written in my appellee brief. If you have any questions, I'm happy to answer those. Yeah, I guess just one really quick question. I guess I'm a little concerned in terms of your argument vis-à-vis what this means for future class actions. And I understand your argument is that this is really not a class action, a disputative class action. But you've got this concern that defendants can, quote-unquote, pick off plaintiffs by paying them individually and thereby arguably moot the case. And then you have all these other class members who would presumably not obtain relief if the class action is dismissed. And that's the only effective relief they can get here. So the argument is here within a very short period of the time of the filing of the complaint, your offices sought to pick off this defendant. And just wondering, you know, just your brief response to that. Absolutely. And there are safeguards in place, Your Honor, for picking off of a valid plaintiff in the hopes and efforts of negating a valid class action or not allowing them their day in court. And there's Wilson, there's Yunin. There's a lot of cases that were extensively briefed in the district court's opinion. And I don't fall on any of those exceptions. My firm doesn't. And the court goes into an extensive analysis of the sliding scale of what a court looks at when they're considering whether or not the mootness doctrine would apply to a picked off plaintiff. And a lot of it does – it carries a lot of weight with regards to the behavior of the defendant and the incentive. I'm sorry to interrupt you, but the sliding scale approach strikes me as just really unclear. Like, give me a clear rule and explain how you win under that rule. Like, what would the rule be? How do we put a rule forth that district courts aren't throwing their hands up? The sliding scale seems to be a response to a little bit of nuttiness from our court, a little bit of nuttiness from district courts. But what it leaves us with is kind of nuttiness. I think the plaintiff's brief, which I agree with, calls it like a pathway to madness or something. Your Honor, I would counter that by saying that Article III is the rule and mootness is the rule. The exceptions are from case law. Now, the sliding scale is just a matter of trying to give direction in between the rule, which is once a plaintiff is mooted, they no longer have standing, and the exceptions. And the exceptions are very fact-heavy. So if your theory is mootness is the rule, how can case law create an exception? Because mootness is technically a jurisdictional doctrine and a constitutional one. Well, I'm not certain what moved the court to make those exceptions, but what I will say is the exceptions I think are the intent behind those exceptions is to give rightful parties and plaintiffs their day in court and to not allow deceptive or evasive defendants to wiggle out of a potential class action. So how do we put forth a rule that accomplishes that? I think the case law gives a lot of very strong guidance in that you look at the behavior of the defendants and you look at the circumstances surrounding, for instance in this case, the Rule 68 offer of judgment, why it was made, when it was made. When it was made in relation to the pendency or the maturity of a motion for class certification, in this particular case, one wasn't even filed. So I think that gives a lot of guidance to courts as far as how they apply the exceptions to the rule. Okay. Thank you, Mr. Hanna. Thank you. Appreciate it. Mr. Warner. Thank you, Your Honor. Whether there is a class or no class is a factual matter. It requires discovery. The plaintiff's bar can only take what they know and see and make a prediction of whether or not there is a potential class. Discovery should proceed in cases under Rules 16 and 23, allowing the court to set a discovery schedule and then under Rule 23 for the motion to be filed as practically soon as possible after discovery. To not allow an adverse party discovery turns civil jurisprudence upon its head. As far as, Judge Thapar, your question about a clear rule of the sliding scale, I think that Unan-Wilson in this case is one where you have the early pick-off offer without discovery and even being allowed to be taken. What would your rule be, just so I understand it? Because I agree with your brief. I think you said something like the district courts would create a path to that. It is. It is absolute, Matt. It is including the local court rules that allow the briefing. If you look at the Rule 68 offer of judgment case, and the name is slipping me, I think it is Gomez, Justice Ginsburg discussed this. Look, the plaintiff should be afforded a fair opportunity. And also Justice Kagan in the Genesis case also has some insight on this too, is you allow the parties to go through this discovery method. You can take away the name plaintiff, which under Dukes v. Walmart, I think you can. You don't really need a name plaintiff because, for example, commonality and adequacy is on the type of the claim, not on the individual person representing them. You allow discovery to discover. The plaintiff's attorney, in a small case like this, it's kind of hard. You look at what you see. You only know what you know. You look at the websites. You look at the avowal ratings. You think, well, because it's based upon a form letter, there is enough to say that there is a class, potentially a class. You take discovery on it. This is not a large debt collector such as a Midland that sends out tens of thousands of form Dunning letters here. So the plaintiff's bar has a kind of guess and takes facts of what they know. If, for example, discovery shows that there isn't 40, maybe there's 20. You say, well, there's 20. Your Honor, there's still some cases because of the type of the conduct and the consumers that are being dealt with that maybe there is a class here that can be certified. If there's only zero or plaintiff's the only one, which it seems improbable, then you ask the court under Rule 41 to dismiss the case. It avoids the madness. It avoids having to rush the court. I mean, no matter what, you're going to get discovery. Why would defendants ever offer judgment? Well, I can't speak for the defendant's bar because, in my experience, the defendant's bar wants to settle on an individual basis as soon as possible. And it unfortunately causes all this friction in these types of cases because it puts pressure on financially distressed consumers to hang in there. Offer judgments are useful if you take after the discovery and you tell the plaintiff's bar, because it's contractual, the defense can write it all that they want. We will pay you for your plaintiff X dollars, which is their individual claim, and we're only going to pay you X dollars in attorney's fees. And we're going to cut that off because we don't think you should have taken discovery in this point. And you still proceed. Well, once you pass that point, your client then suffers the costs of the litigation if they don't obtain more at trial, and also the attorney's fees are cut off. So there are the protective measures. And so it's just simple. You look at what the facts are in the case. You make a reasonable determination whether to, if there is no class, to stop the litigation because that's what should be done, and talk about settlement. You don't even need a Rule 68 offer of judgment. You can just settle the case individually. But in this case, this is on the sliding scale with Unan and Wilson and other cases in which the pick-off offer comes in early and the presumption, the prima facie case, is that it was to pick off the plaintiff and to end this case prior to any discovery done. I think that guidance is needed from the court on these issues, and I do appreciate the time of being able to address them with the court. If there's no further questions, I will rest. Okay. Thank you, Mr. Warner. Thank you very much. We appreciate your arguments this morning, both of you, Mr. Warner and Hannah. And we'll take the case under submission, and you may call the next case. Thank you again.